CIV-25-261-RAW

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF OKLAHOMA

**FILED**

AUG 1 4 2025

BONNIE HACKLER
Clerk, U.S. District Court

By _____
Deputy Clerk

LACY JANE LYDA,

    Plaintiff,

v.               Case No. _____

OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS);

LESLIE JORDAN, in her individual and official capacities;

TAMMY MURRAY, in her individual and official capacities;

PATRICK WILLIAMS, in his individual and official capacities;

ALEXANDRA SMITH, in her individual and official capacities;

JOHN/JANE DOES 1–10, in their individual capacities,

    Defendants.

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

AND DAMAGES UNDER 42 U.S.C. § 1983; JURY DEMANDED

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this civil action under the Indian Child Welfare Act (ICWA), 25 U.S.C. §§ 1901–1963; the Oklahoma Indian Child Welfare Act (OICWA), 10A O.S. §§ 1-4-101 et seq.; the Fourteenth Amendment; and 42 U.S.C. § 1983 to redress the unlawful removal and placement of her Chickasaw minor children domiciled on the Muscogee (Creek) Nation reservation, the usurpation of exclusive tribal jurisdiction, the denial of due process, and misconduct tied to Title IV-E funding incentives. See Haaland v. Brackeen, 599 U.S. ___, 143 S. Ct. 1609, 1623–46 (2023) (upholding ICWA's constitutionality and framework).

2. Plaintiff seeks declaratory and injunctive relief, immediate return of her children, damages against individual state actors, disgorgement/equitable restitution of improperly obtained Title IV-E funds, and attorney's fees.

## II. PARTIES

3. Plaintiff Lacy Jane Lyda is the natural mother of the minor children at issue, enrolled citizens of the Chickasaw Nation and "Indian children" under 25 U.S.C. § 1903(4). She resides in Okfuskee County, Oklahoma.

## III. JURISDICTION AND VENUE

10. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claims arise under ICWA, the U.S. Constitution, and 42 U.S.C. § 1983; civil rights jurisdiction under 28 U.S.C. § 1343(a)(3)–(4); and authority to grant declaratory/injunctive relief under 28 U.S.C. §§ 2201–2202.

11. Supplemental jurisdiction exists over related state-law claims (OICWA) under 28 U.S.C. § 1367(a).

12. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events and omissions giving rise to these claims occurred within the Eastern District of Oklahoma.

## IV. JURISDICTIONAL ALLEGATIONS

13. Plaintiff's minor children are enrolled citizens of the Chickasaw Nation.

4. Defendant Oklahoma Department of Human Services (OKDHS) is the state agency administering child welfare and Title IV-E. For prospective injunctive/declaratory relief, OKDHS is sued via officials named herein in their official capacities (Ex parte Young, 209 U.S. 123 (1908)).

5. Defendant Leslie Jordan is an OKDHS supervisor. She is sued in her individual and official capacities.

6. Defendant Tammy Murray is an OKDHS permanency worker. She is sued in her individual and official capacities.

7. Defendant Patrick Williams is the Chief of Police, Okemah, Oklahoma. He is sued in his individual and official capacities.

8. Defendant Alexandra Smith is an OKDHS employee involved in the removal/placement decisions. She is sued in her individual and official capacities.

9. Defendants John/Jane Does 1–10 are OKDHS employees or local officers whose identities are presently unknown who participated in or ratified the violations described.

14. At all relevant times, the children resided at 914 N. 6th Street, Okemah, Oklahoma—within the territorial boundaries of the Muscogee (Creek) Nation reservation—Indian country under 18 U.S.C. § 1151(a). See McGirt v. Oklahoma, 591 U.S. ___, 140 S. Ct. 2452, 2459–80 (2020).

15. The children were domiciled on the Creek Nation reservation for at least ninety (90) consecutive days prior to removal by state authorities.

16. ICWA mandates that "an Indian tribe shall have jurisdiction exclusive as to any State over any child custody proceeding involving an Indian child who resides or is domiciled within the reservation of such tribe." 25 U.S.C. § 1911(a).

17. Reservation domicile triggers exclusive tribal jurisdiction even if the children are members of a different tribe. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48–53 (1989).

18. Any intergovernmental agreement purporting to create concurrent state jurisdiction cannot override § 1911(a)'s exclusive jurisdiction for reservation-domiciled children. 25 U.S.C. § 1919; Holyfield, 490 U.S. at 53–54; see also Yavapai–Apache Tribe v. Mejia, 906 S.W.2d 152, 171–72 (Tex. App. 1995) (agreements must be explicit and cannot contravene ICWA).

23. The home is within the Creek Nation reservation. The children are Chickasaw citizens. The removal occurred absent compliance with ICWA § 1911(a), notice under § 1912(a), emergency standards under § 1922, or OICWA.

24. No adjudication or custody hearing was promptly set; the children were separated and one child cycled through different foster homes nightly for over a month.

B. Failure to notice, transfer, or make active efforts

25. Defendants failed to provide timely written notice to Plaintiff and the Chickasaw Nation as required by 25 U.S.C. § 1912(a) and 25 C.F.R. § 23.111.

26. Defendants failed to provide "active efforts" to prevent breakup of the Indian family— mandated and proven by clear and convincing evidence before any foster-care placement. 25 U.S.C. § 1912(d); 25 C.F.R. §§ 23.2, 23.120; see In re Interest of Zylena R., 825 N.W.2d 173, 184–86 (Neb. 2012); In re A.L., 442 P.3d 297, 303–04 (Mont. 2019).

27. Defendants presented no ICWA-compliant Qualified Expert Witness (QEW) testimony to support removal. 25 U.S.C. § 1912(e); 25 C.F.R. § 23.122; see People ex rel. J.S.B., Jr., 691 N.W.2d 611, 619–22 (S.D. 2005) (reversal for lack of ICWA-compliant expert).

19. No tribal court order, consultation, transfer, or valid § 1919 agreement existed before removal. State initiation and maintenance of custody proceedings lacked subject-matter jurisdiction and are void ab initio under ICWA and Holyfield.

## V. FACTUAL ALLEGATIONS

### A. Initial stop, DHS contact, and next-day removal

20. On September 11, 2024, Plaintiff was arrested on an outstanding warrant during a traffic stop conducted by Officer Ernest Jordan in Okemah, Oklahoma. Two minor children were asleep in the backseat.

21. Prior to transport, Officer Jordan allowed family to retrieve the children. DHS followed the grandmother to 914 N. 6th Street, conducted a walk-through, took identification, and cleared the home that evening.

22. On September 12, 2024, without notice, court order, or tribal consultation, OKDHS employee Alexandra Smith arrived at 914 N. 6th Street with Chief Patrick Williams and removed the children. When asked to produce an order, they refused to show any documentation.

28. The Supreme Court recognizes the fundamental liberty interest of parents in the care, custody, and control of their children; arbitrary removal without notice or opportunity to be heard violates procedural due process. Troxel v. Granville, 530 U.S. 57, 65–66 (2000); Santosky v. Kramer, 455 U.S. 745, 753–54 (1982).

29. Plaintiff made repeated requests for services and placement with relatives. Defendants provided minimal or no referrals, transportation only, and no culturally appropriate remedial services—falling short of "active efforts." 25 U.S.C. § 1912(d); 25 C.F.R. § 23.2.

30. The state court denied a verbal transfer request without "good cause" findings on the record, contrary to 25 U.S.C. § 1911(b) and 25 C.F.R. § 23.117.

C. Title IV-E timing violations and funding

31. Defendants failed to obtain a timely judicial determination within 60 days that removal was contrary to the child's welfare and that reasonable/active efforts were made, as required for Title IV-E eligibility. 45 C.F.R. § 1356.21(b)(2); see also 42 U.S.C. § 672(a)(2)(A).

32. Title IV-E funding is contingent on strict procedural compliance; systemic violations warrant injunctive relief. See Kenny A. v. Perdue, 356 F. Supp. 2d 1353, 1359–60 (N.D. Ga. 2005).

33. Despite the absence of timely adjudication, Defendants continued to receive or seek Title IV-E foster care maintenance payments.

D. Kinship designation fraud and safety concerns

34. Defendants designated a non-relative, Ronisha Maxwell, as a "kinship" placement based on tenuous, non-familial ties unrelated to consanguinity, affinity, adoption, or tribal recognition; the children had never met Maxwell.

35. Placement with Maxwell was approved by OKDHS worker Tammy Murray and supervisory personnel and coordinated with a Chickasaw ICW worker (non-party). DHS failed to properly vet, document, or consult with the Tribe before deviating from ICWA placement preferences. 25 U.S.C. § 1915; 25 C.F.R. §§ 23.129–23.132.

36. Defendants allowed Maxwell to interfere with visits, contrary to case plans, and failed to process relative placement applications timely, impeding ICWA's placement hierarchy. 25 U.S.C. § 1915(b); 25 C.F.R. § 23.131.

E. Evidentiary and hearing defects; defective "expert" testimony

37. Defendants failed to present QEW testimony establishing that continued custody by the parent is likely to result in serious emotional or physical damage to the child, and failed to meet ICWA's heightened burdens. 25 U.S.C. § 1912(e)–(f); 25 C.F.R. § 23.122; People ex rel. J.S.B., Jr., 691 N.W.2d at 619–22.

38. Testimony from a CPS caseworker or state-employed advocate, acting as a party witness and lacking demonstrated cultural expertise, is insufficient to satisfy QEW requirements. See In re Alexandria P., 70 Cal. App. 4th 1455, 1460–63 (1999); State ex rel. CYFD v. Frank G., 2011-NMCA-116, ¶¶ 15–18, 262 P.3d 1283.

39. Plaintiff did not stipulate to QEW qualification; the Tribe did not approve any QEW; the record contains no foundation establishing QEW expertise under 25 C.F.R. § 23.122.

40. Defendants shifted the burden of proof to Plaintiff, curtailed her opportunity to be heard, and denied timely hearings—violating due process. See Mathews v. Eldridge, 424 U.S. 319, 333–35 (1976).

## VI. CAUSES OF ACTION

Count 1 — ICWA and OICWA violations (25 U.S.C. §§ 1911, 1912, 1915, 1919; 25 C.F.R. pt. 23; OICWA)

41. Plaintiff realleges ¶¶ 1–40.

42. Defendants exercised state jurisdiction notwithstanding exclusive tribal jurisdiction under § 1911(a) and Holyfield, failed to give notice under § 1912(a), failed to make/document active efforts under § 1912(d), failed to satisfy QEW/evidentiary requirements under § 1912(e)–(f), and ignored placement preferences under § 1915.

43. Any intergovernmental agreement cannot expand state jurisdiction beyond ICWA. 25 U.S.C. § 1919; Holyfield, 490 U.S. at 53–54.

44. These violations render the removal and subsequent state actions void or voidable and warrant transfer, invalidation, and injunctive relief. See 25 U.S.C. § 1914 (invalidation remedy).

Count 2 — Due process (Fourteenth Amendment) under 42 U.S.C. § 1983

50. Defendants failed to secure required judicial determinations within 60 days as a condition of Title IV-E eligibility (45 C.F.R. § 1356.21(b)(2); 42 U.S.C. § 672(a)(2)(A)), yet continued to receive/seek Title IV-E funds, warranting declaratory relief and equitable restitution/disgorgement. See Kenny A., 356 F. Supp. 2d at 1359–60.

Count 5 — Conflict of interest and improper incentives (Equitable/Declaratory relief)

51. Plaintiff realleges ¶¶ 1–50.

52. Defendants' participation in placement decisions while the agency benefitted from Title IV-E reimbursements, combined with personal/professional ties, violated state ethics requirements (e.g., OAC 340:2-1-8) and undermined federal plan integrity under 42 U.S.C. § 671(a), warranting injunctive/declaratory relief to remove taint and prevent recurrence.

## VII. IRREPARABLE HARM, BALANCE OF EQUITIES, AND PUBLIC INTEREST

53. Plaintiff and the children face ongoing irreparable harm from unlawful separation, cultural disconnection, and erosion of familial bonds. The balance of equities and public interest favor

enforcing ICWA, protecting tribal sovereignty, and preserving Indian families. See Brackeen,

143 S. Ct. at 1623–46.

VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Declare that the State lacked subject-matter jurisdiction under 25 U.S.C. § 1911(a)–(b) and

Holyfield;

B. Invalidate and vacate orders and actions taken without jurisdiction and/or in violation of

ICWA pursuant to 25 U.S.C. § 1914;

C. Enjoin Defendants from continuing state proceedings except as necessary to effectuate

transfer, and order immediate transfer to the Muscogee (Creek) Nation District Court (or the

child's Tribe's court) as appropriate;

D. Enjoin Defendants from relying on non-qualified agency personnel as QEWs and require

compliance with 25 C.F.R. § 23.122;

45. Plaintiff realleges ¶¶ 1–44.

46. Defendants, acting under color of state law, deprived Plaintiff of liberty interests in the care, custody, and control of her children without constitutionally adequate procedures, including notice, timely hearings, proper burdens of proof, and ICWA-required QEWs. Troxel, 530 U.S. at 65–66; Santosky, 455 U.S. at 753–54; Mathews, 424 U.S. at 333–35.

Count 3 — Unreasonable seizure (Fourth Amendment) under 42 U.S.C. § 1983

47. Plaintiff realleges ¶¶ 1–46.

48. Removing children from parental custody constitutes a seizure requiring a court order or exigent circumstances. Defendants conducted warrantless removals without exigency or probable cause. Roska ex rel. Roska v. Peterson, 328 F.3d 1230, 1241–53 (10th Cir. 2003); Gomes v. Wood, 451 F.3d 1122, 1128–33 (10th Cir. 2006).

Count 4 — Title IV-E noncompliance and unlawful retention of federal funds (Declaratory/Equitable relief)

49. Plaintiff realleges ¶¶ 1–48.

E. Require ICWA-compliant notice, active efforts, placement preferences, and recordkeeping in any further proceedings (25 U.S.C. §§ 1912, 1915; 25 C.F.R. pt. 23);

F. Order the prompt return of the children to Plaintiff absent valid ICWA-compliant findings by a court of competent jurisdiction;

G. Award compensatory damages and, where appropriate, punitive damages against individual-capacity defendants under 42 U.S.C. § 1983;

H. Award costs and reasonable attorney's fees under 42 U.S.C. § 1988;

I. Grant such other and further relief as the Court deems just and proper.

IX. JURY DEMAND

54. Plaintiff demands a trial by jury on all issues so triable.

Dated: _____, 2025                Respectfully submitted,

*Lacy Lyda*

LACY JANE LYDA, Pro Se

207 S. 4th Street

Okemah, OK 74859

405.435.1087

lacylyda@gmail.com

Exhibit E texts between DHS Official from OKFOSTERS over placement Decisions and Cassidy Exendine



I don't make the decisions.